UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

IVO GEORGE CAYTAS,

        Plaintiff,

  -v-                                                  No. 06 Civ. 985 (LTS)(DCF)

DARIUSZ ROBERT MARUSZAK,
JOHAN CHRISTIAN HERTZOG,
GERHARD SCHROETER,
LINEWEAVER CORPORATION,
ACM SPOLKA Z.O.O.,
ADVANCED CAPITAL MANAGEMENT, S.A.,
OLYMPIC TRUST, ACADEMIC TRUST,
EQUAL LIMITED, GALESBURY S.A.,
BROOKMARSH LIMITED, WRAYSFORD
LIMITED,

        Defendants.

-------------------------------------------------------x



## MEMORANDUM ORDER

Plaintiff Ivo George Caytas ("Plaintiff") brought this action against individual defendants Dariusz Robert Maruszak, Johan Christian Hertzog, and Gerhard Schroeter and corporate defendants Lineweaver Corporation, ACM Spolka Z.O.O., Advanced Capital Management, S.A., Olympic Trust, Academic Trust, Equal Limited, Galesbury S.A., Brookmarsh Limited, and Wraysford Limited (collectively "Defendants") by filing and serving a summons and complaint on February 8, 2006. Plaintiff asserts claims for violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)-(d), as well as various state law claims based on the same conduct that underlies his RICO claims. Plaintiff alleges that the corporate defendants are alter egos of Maruszak or, in one instance, of Hertzog, and that Defendants constitute a single business enterprise. The complaint properly invokes the Court's subject matter jurisdiction pursuant

to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Plaintiff properly executed service upon all Defendants. Defendants failed to appear in the action and Plaintiff moved for default judgment (docket entry no. 56). The Court, concluding that Plaintiff's RICO claims were inadequately pleaded, dismissed Plaintiff's RICO claims without prejudice to Plaintiff's filing an amended complaint. The Court also declined to exercise supplemental jurisdiction over Plaintiff's state law claims, as it had dismissed all of Plaintiff's claims that arose under federal law. Caytas v. Maruszak, No. 06 Civ. 985, 2007 WL 2456956 (S.D.N.Y. Aug. 22, 2007) ("Caytas I") (docket entry no. 66). Plaintiff subsequently filed and served a First Amended Complaint and a Second RICO Statement, each dated August 31, 2007 (docket entry nos. 68, 69), as well as numerous exhibits supporting his claims and a certificate of the Clerk of the Court certifying Defendant's default. Plaintiff's exhibits include documentation that Defendants owe him $7,891,380 for unpaid legal services, including interest as provided for by contract. (Caytas Aff., Exh. E) Defendants once again failed to appear and Plaintiff moved for default judgment (docket entry no. 89). The Court has thoroughly considered all of the submissions. For the following reasons, Plaintiff's motion for default judgment is granted.

The Court must determine whether Plaintiff has adequately pleaded his claims and whether a default judgment is appropriate. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). On a motion for default judgment, the plaintiff's uncontested, well-pleaded facts shall be deemed admitted. Id. If the admitted facts are sufficient to state a claim, the Court must consider the following three factors: "(1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). The

Court concludes that Plaintiff's First Amended Complaint and his Second RICO Statement adequately plead sufficient facts to sustain his claim, and the facts are pleaded with particularity when necessary under Federal Rule of Civil Procedure 9(b). The Court also concludes that all three factors weigh in favor of granting Plaintiff's request for default judgment.

The central facts of this case were recited by the Court in Caytas I, and familiarity with that proceeding is assumed. In Caytas I the Court concluded that "Plaintiff's RICO causes of action fail to satisfy the pleading particularity requirements of Federal Rule of Civil Procedure 9(b) to the extent they are predicated upon underlying acts of mail or wire fraud," principally because of Plaintiff's "failure to allege facts sufficient to make out the predicate acts of racketeering that are essential to his ability to establish his RICO claims." Caytas I at *2-3. Plaintiff, through his August 31, 2007 submissions, has now pleaded with specificity sufficient predicate acts of racketeering that the Court may conclude that Plaintiff has adequately pleaded his claims. Defendants have made no response to those submissions. Accordingly, the Court's analysis turns to consideration of the three factors enumerated in Mason Tenders Dist. Council.

Defendants' non-appearance in the action and failure to respond to the amended complaint and the instant motion practice indicate willful conduct. Further, the Court is unable to determine whether Defendants have a meritorious defense to Plaintiff's allegations because they have presented no such defense to the Court. Accordingly, Plaintiff's allegations are deemed admitted. Finally, denying the motion would be unfairly prejudicial to Plaintiff, because Defendants have failed to respond or appear.

Accordingly, Plaintiff's motion for default judgment is granted. Plaintiff's request for treble damages under the RICO Statute, 18 U.S.C. § 1964(c), is granted. Plaintiff's request for

punitive damages under New York common law is denied.[1]  It is hereby

ORDERED, that each defendant named in this action shall be liable to Plaintiff, jointly and severally, in the amount of $7,891,380, plus pre-judgment interest calculated at the statutory rate of 9% annually from February 8, 2006 through the date judgment is entered; it is further

ORDERED, that each defendant named in this action shall be liable to Plaintiff, jointly and severally, for an additional amount equal to double the amount (including pre-judgment interest) awarded by the preceding paragraph, which represents the Defendants' additional liability under the treble damages provision of the RICO statute, 18 U.S.C.A § 1964(c) (West 2000); and it is further

ORDERED, that Defendants are restrained and enjoined from destroying, discarding or otherwise despoiling any documents, books, records or accounts, whether written, recorded, or stored electronically, that pertain to unlawful conduct alleged in the First Amended Complaint and in the Second RICO Statement, until the earlier date of either September 1, 2011 or the date of satisfaction of the judgment in this case.  It is further

---

[1] "Punitive damages are awarded for the purpose of deterrence and retribution [and] should only be awarded if the defendant's culpability is so reprehensible as to warrant the imposition of damages over and above the award of compensatory damages.  In determining the degree of reprehensibility of the defendant's conduct, the court should consider (1) whether the harm caused was physical, as opposed to merely economic; (2) whether the tortious conduct evinced an indifference to, or a reckless disregard of, the health and safety of others; (3) whether the target of the conduct had financial vulnerability; (4) whether the tortious conduct involved repeated actions, or was an isolated incident; and (5) whether the harm was the result of intentional malice, trickery, or deceit, or was a mere accident."  Fagan v. AmerisourceBergen Corp., 356 F. Supp. 2d 198, 220 (E.D.N.Y. 2004) (internal quotation marks and citations omitted).  The harm in this case was principally economic and Plaintiff, a sophisticated lawyer with considerable experience in international finance, cannot be said to have been particularly vulnerable.  Additionally, the Defendants are being assessed treble damages under the RICO statute, and such damages meet the purposes of retribution and deterrence.

ORDERED, that Plaintiff may serve a copy of this Order upon any debtor, agent, fiduciary, trustee or nominee of Defendant or other person in possession or control of any valuable asset in which the defendant may hold a beneficial interest directly or indirectly through agents, nominees, fiduciaries or appointees, or powers of appointment. It is further

ORDERED, that this Court shall retain non-exclusive jurisdiction of this matter for the purposes of enforcing the judgment in this case. It is further

ORDERED, that Plaintiff shall serve a copy of this Order and the Judgment in this case within ten days of their receipt.

The Clerk of Court is respectfully directed to enter judgment in accordance with this Memorandum Order.

SO ORDERED.


Dated: New York, New York
       January 30, 2009

                                            _____
                                            LAURA TAYLOR SWAIN
                                            United States District Judge